**UNITED STATES of America, Appellee,**

v.

**Ronald H. KUYKENDALL, Appellant.**

**No. 80–1455.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 14, 1980.
Decided Oct. 28, 1980.

Austin F. Shute, L. Patrick O'Brien, Kansas City, Mo., for appellant.

Ronald S. Reed, Jr., U. S. Atty., Carol Ann Petren, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before LAY, Chief Judge, and BRIGHT and McMILLIAN, Circuit Judges.

PER CURIAM.

Appellant Ronald H. Kuykendall was convicted of intentionally distributing and conspiring to distribute controlled substances. On appeal he claims that the court denied him due process by not ordering an evidentiary hearing on his motion to dismiss his indictment. We do not agree and, accordingly, affirm the conviction.

This appeal centers on the destruction of a government agent's notes of conversations with Gary Crabtree, a government informer. Paula Phelan, a Kansas City, Missouri, police officer assigned to the Drug Enforcement Agency Task Force, spoke with Crabtree on three occasions after his arrest. She interviewed Crabtree for approximately twenty minutes on April 18th, and for approximately three hours on April 19th. They also spoke while riding from southern Missouri to Kansas City. During the meetings, Phelan took handwritten, nonverbatim notes that she then used to prepare a final report of the interviews. Afterwards, she destroyed the notes.[1] In

late April and early May 1979, Kuykendall, Crabtree, and Phelan engaged in a number of drug transactions that resulted in the present conviction.

Prior to trial, Kuykendall moved to dismiss his indictment on the ground that agent Phelan improperly destroyed her notes. He also moved for an evidentiary hearing on the question. Judge Clark, United States District Judge for the Western District of Missouri, denied the motion, holding that, even if all facts alleged by Kuykendall were true, dismissal of the indictment was unwarranted because defendant made no showing of prejudice or bad faith. Prior to trial, the prosecution made available to Kuykendall the formal report prepared by Phelan, as well as a tape recording of the three-hour, April 19th meeting.

As a preliminary matter, we note that neither the Jencks Act, 18 U.S.C. § 3500, nor the doctrine of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), requires police officers to retain their original investigative notes. This court recently held that a trial judge properly refused to strike the testimony of a police officer who had destroyed his original notes after incorporating those notes into a formal report made available to the defendant. *United States v. Williams*, 604 F.2d 1102, 1116–17 (8th Cir. 1979). In that case, we stated:

> The Jencks Act has been interpreted to impose no duty upon law enforcement officers to retain their rough, handwritten notes after the contents have been incorporated into more formal reports and the reports are checked for accuracy, especially when the notes have been destroyed in good faith. [*Id.* at 1116.]

Appellant, while acknowledging the force of *Williams*, contends that he was entitled to an evidentiary hearing to determine whether the government agent destroyed the notes in good faith and whether the notes contained any exculpatory evidence,

1. No department policy existed regarding the preservation or destruction of rough notes of informant interviews.

relevant factors under *Williams.* The district court, in denying appellant's request for a hearing, found that Kuykendall's claims of bad faith and exculpatory evidence were merely conjectural. We agree that an evidentiary hearing is not mandated where a defendant merely puts forward unsupported, speculative accusations. Further, the district court noted that Kuykendall would have a later opportunity to support his claims. Under these circumstances, we hold that the court did not err in denying the hearing.

Moreover, we conclude that Kuykendall suffered no prejudice from the district court's denial of an evidentiary hearing at the preliminary stage of this case. At his criminal trial, Kuykendall was afforded ample opportunity, through cross-examination of Crabtree and Phelan and through analysis of the recorded conversation, to establish any bad faith, inaccuracies, or exculpatory evidence. Appellant failed, however, to substantiate his claims either at trial or on appeal.

No violation of due process appears on this record. Accordingly, we affirm the conviction.